FILED

SEP 17 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE SUBPOENA SERVED ON DANIEL MARKIM § § § § § § | Misc. Action No. A13MC0827 SS |
| BOB BANNER ASSOCIATES, INC., § § Plaintiff, § § v. § § WHACKO, INC., et al. § § Defendants. § § § | United States District Court Central District of California Western Division<br><br>Civil Action No. 2:13-CV-00083-R (VBK) |

## MOTION TO QUASH SUBPOENA DUCES TECUM

Pursuant to Federal Rule of Civil Procedure 45(c), nonparty Daniel Markim moves this Court to quash or, in the alternative, to modify the subpoena served on him by Bob Banner Associates Inc. ("Bob Banner" or "Plaintiff"), and shows the Court as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1.  Bob Banner, Whacko, Inc. ("Whacko"), and Carol Burnett (with Whacko, collectively "Defendants") dispute the copyright ownership of certain seasons of *The Carol Burnett Show* (the "Show") and have filed actions against each other in the United States District Court for the Central District of California. *See Bob Banner Associates Inc. v. Whacko Inc. et al.*, No. 1:13-CV-00083-R-VBK (C.D.Cal), ECF No. 1 (Notice of Removal) and 20 (First Amended Counterclaim).

2.      Direct Holdings Americas Inc. a/k/a Time Life ("Direct Holdings") obtained a license from Whacko of certain episodes of the Show.  Pursuant to that license, Direct Holdings endeavored to release DVD collections of those licensed episodes and, in so doing, hired Daniel Markim, an independent contractor, to review certain documents containing information concerning the Show.  *See* Declaration of Daniel Markim ("Markim Decl.") at ¶¶2-3, attached hereto as Exhibit A.  In so doing, Direct Holding sent Mr. Markim proprietary and confidential financial information and certain of its trade secrets relating to the Show.  Markim Decl. at ¶4.  When given documents containing the proprietary information or trade secrets of his clients, Mr. Markim's practice is to return such documents back to the client or to archive/dispose of them when they are no longer needed for his work.  Markim Decl. at ¶5.

3.      Bob Banner has now served Mr. Markim a subpoena in the Western District of Texas, requiring him to appear for deposition and to produce documents relating to Bob Banner's litigation against Defendants.  Markim Decl. at ¶ 8; *see also* Subpoena Duces Tecum, served on Daniel Markim on August 31, 2013 (the "Markim Subpoena"), attached to Markim Decl. as Exhibit A-1.  The Subpoena requests documents relating to the Show, including information regarding ownership, agreements, royalties, revenues, profits, retail invoices, units shipped or made, and summary of sales for DVDs of the Show.  *See* Markim Subpoena.

4.      As Mr. Markim understood it, the communications with Direct Holdings and the documents sent to him by Direct Holdings were the property of Direct Holdings, Markim Decl. at ¶6, a party on which Bob Banner has not yet served a subpoena.  Direct Holdings can, at any time, direct Mr. Markim to return or dispose of all documents and communications related to his work for Direct Holdings.  Markim Decl. at ¶7.

5. All of the responsive documents of which Mr. Markim is aware are under the possession, control, or custody of Direct Holdings. Markim Decl. at ¶9. Mr. Markim does not believe he could provide material documents or information in response to the Markim Subpoena. Markim Decl. at ¶11.

6. Further, Mr. Markim has reviewed the parties' complaint and counterclaims and represents that he does not have material knowledge or information that would contribute to the parties' claims or defenses. Markim Decl. at ¶10.

## LEGAL STANDARD

7. Under Rule 45 of the Federal Rules of Civil Procedure, a court may quash or modify a subpoena if the subpoena requires disclosure of a privileged or protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3); *Texas Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 554 (5th Cir. 2012).

8. To determine whether the subpoena presents an undue burden, this Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)); *Davis S. R. Aviation, LLC v. Rolls-Royce Deutschland Ltd. & Co. KG*, No. A-10-CA-367-LY, 2011 WL 5999332, at *2 (W.D.Tex. Nov. 30, 2011) (citing *Wiwa* for factors of undue burden); *Bagwell v. Rival Consumer Sales Corp.*, No. 3:06-CV-000117, 2006 WL 2883137, at *2-3 (W.D. Tex. Sept. 19,

2006) (citing *Wiwa* and granting motion to quash because plaintiff did not show need of the subpoenaed party for the documents).

9. Further, if the person to whom the document request is made is a nonparty, the court may also consider the expense and inconvenience to the nonparty. *Id.* (citing Fed. R. Civ. P. 45(c)(2)(B)).

## ARGUMENT

10. Bob Banner's subpoena on Direct Holding's independent contractor, Mr. Markim, presents an undue burden and the subpoena should be quashed. Not only are the requests overly broad and vague, Mr. Markim does not have custody or control of the documents requested and has little to contribute to Plaintiff's case. Plaintiff cannot show that the information it seeks from Mr. Markim, a nonparty, is *only* attainable through Markim and not a representative of Direct Holdings. *See Bagwell v. Rival Consumer Sales Corp.*, 2006 WL 2883137, at *2-3.

11. In *Bagwell*, plaintiffs served a subpoena on defendant's former employee, who no longer had access to documents plaintiffs requested. *Id.* A court in this district, then, held that the subpoena appeared to be a fishing expedition and that plaintiffs did not show that the information they sought was only obtainable through the former employee and not a corporate representative of the defendant. *Id.* Therefore, the court found the subpoena unduly burdensome and granted defendant's motion to quash. *Id.*

12. Likewise, here, the information Plaintiff seeks is more likely obtainable through a corporate representative of Direct Holdings. Indeed, counsel for Direct Holdings has offered to make available such representative, and, yet, Plaintiff has not served Direct Holdings a subpoena. To require Mr. Markim to produce documents that are more likely in the possession,

custody, and control of Direct Holdings would present an unnecessary and inconvenient expense to Mr. Markim. Further, Plaintiff has not offered any form of protection for Direct Holdings' proprietary information that Mr. Markim would be required to produce under this Subpoena.

13. Therefore, the Court should find under Federal Rule of Civil Procedure 45 that the Subpoena presents an undue burden to Mr. Markim and quash or, alternatively, modify the Subpoena.

## CONCLUSION

For the foregoing reasons, Mr. Markim respectfully requests the Court quash the Subpoena served on him by Bob Banner or, alternatively, modify the Subpoena to topics of which he has knowledge and documents he has custody or control.

Dated: September 16, 2013.

DENTONS US LLP

By: _____
Kate Rumsey
State Bar No. 24081130
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201-1858
Telephone: 214-259-1878
Fax: 214-259-0910

*ATTORNEYS FOR MR. MARKIM*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013, I served the foregoing document via e-mail and certified mail on the following parties in this action:

David R. Schwarcz, Esq.
Sherli Shamtoub, Esq.
Schwarcz, Rimberg, Boyd & Rader, LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, CA 90048

Attorneys for Plaintiff Bob Banner Associates, Inc.

/s/ _____

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 9 and 11, 2013, counsel for Mr. Markim and counsel for Plaintiff Bob Banner Associates, Inc. conferred regarding this Motion. Counsel for Plaintiff does not agree to limiting or modifying Plaintiff's subpoena on Mr. Markim.

/s/ _____